CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 06 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ISRAEL RAY COOPER, | ) |
| | ) Case No. 7:16CV00578 |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| AIMEE DUNCAN, ET AL., | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendant(s). | ) |

By opinion and order entered May 23, 2017, the court summarily dismissed without prejudice Plaintiff Israel Ray Cooper's civil rights action under 42 U.S.C. § 1983 for failure to state a claim. See 28 U.S.C. § 1915A(b)(1). Cooper has moved for reconsideration of this dismissal order.

Because Cooper signed and dated his motion within 28 days from entry of the judgment, the court construes it as arising under Rule 59(e) of the Federal Rules of Civil Procedure. It is well established that "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (internal citations and quotation marks omitted). A judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. See, e.g., Gagliano v. Reliance Standard Life Ins. Co., 547 F.3d 230, 241 n. 8 (4th Cir. 2008).

The court has carefully reviewed Cooper's new submissions and finds that they do not present a circumstance warranting the requested relief. Therefore, the motion will be denied.

Cooper first complains that the action was never served on the defendants, that he never had the opportunity to respond to a motion for summary judgment, and that the court did not act immediately to dismiss his claims. These circumstances are entirely consistent with 28 U.S.C. § 1915A(b)(1), which authorizes the court to dismiss a claim or complaint "as soon as practicable" after docketing if it does not state a claim upon which relief may be granted.

Cooper also claims that the court did not allow "full airing of the facts" before dismissing the case. On the contrary, the court reviewed the facts Cooper provided in the complaint and found them insufficient to state any constitutional claim. Moreover, because the dismissal was without prejudice, Cooper remains free to refile his claims in a new and separate civil action that makes a "full airing of the facts" he offers in support of his claims.

Because Cooper's submissions did not allege sufficient facts to state constitutional violations related to the claims in the initial complaint, the court denied Cooper's motion to amend to raise different, additional claims and defendants. This motion did not correct the deficiencies on which the initial claims were dismissed under § 1915A(b)(1), so the court dismissed it as futile. Moreover, the proposed amended claims were not properly joined to the claims in the initial complaint.

In short, Cooper does not present any new law or evidence or identify any clear error of law or injustice. Therefore, the court will deny his motion to alter or amend judgment. An appropriate order will issue herewith.

The Clerk is directed to send a copy of this order to the plaintiff.

**ENTER:** This 6th day of October, 2017.

_/s/ Jon Conrad_
United States District Judge